IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDITH MCALLISTER                                                                    PLAINTIFF

vs.                                         Civil No. 4:13-cv-04090

CAROLYN W. COLVIN                                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Edith McAllister ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.[1]

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff filed her current SSI application on October 25, 2010. (Tr. 12, 145). In this

---

[1] This is Plaintiff's third time appealing to the Western District of Arkansas. *See McAllister v. SSA,* 4:09-cv-04070 (W.D. Ark. Aug. 17, 2010) (dismissing Plaintiff's complaint and affirming the decision of the SSA); and *McAllister v. SSA,* 4:11-cv-04078 (W.D. Ark. July 10, 2012) (dismissing Plaintiff's complaint and affirming the decision of the SSA). The current application is separate from these two prior cases.

[2] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

application, Plaintiff alleges being disabled due to bipolar disorder and depression. (Tr. 163). At the administrative hearing in this matter, Plaintiff also alleged being disabled due to chronic obstructive pulmonary disease ("COPD"), high blood pressure, and pain from an old neck injury. *Id.* Plaintiff alleges an onset date of March 1, 2001. (Tr. 12, 145). This application was denied initially and again upon reconsideration. (Tr. 60-61).

Thereafter, on April 25, 2012, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 30-59). At this hearing, Plaintiff present and represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Suzette Skinner testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008). (Tr. 34). Plaintiff also testified she had only completed the sixth grade in school. *Id.*

On August 29, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-22). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 25, 2010 (her application date). (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: affective disorder; bipolar disorder; degenerative disc disease of the spine, status post surgery; COPD; tobacco abuse; obesity; and hypertension. (Tr. 14, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift up to 50 pounds occasionally, 25 pounds frequently, stand and walk 6 hours of an 8 hour workday, sit 6 hours of an 8 hour workday as defined in 20 CFR 416.967(c) narrowed by the need for simple routine tasks with occasional contact with the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 5). Considering her RFC, the ALJ determined Plaintiff was unable to perform her PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 9). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Specifically, considering Plaintiff's age, education, work experience, and RFC, the VE testified Plaintiff retained the capacity to perform occupations such as a sandwich maker (medium, unskilled) with 460 such jobs in Arkansas and 50,000 such jobs in the United States; floor waxer (medium, unskilled) with 1,100 such jobs in Arkansas and 90,000 such jobs in the United States; and linen room attendant (medium, unskilled) with 1,000 such jobs in Arkansas and 60,000 such jobs in the United States. *Id.*

Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from October 25, 2010 until August 29, 2012. (Tr. 22, Finding 10). Thereafter, on September 24, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 2, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff claims the following: (A) the ALJ erred in evaluating Listings 12.04, 12.06, and 12.08; (B) the ALJ erred in evaluating her RFC by failing to properly consider the opinions of her treating physicians and psychiatrists; (C) the ALJ erred in discrediting her low GAF scores; and (D) the ALJ erred in failing to properly consider the VE's testimony. *Id.*

In response, Defendant disputes Plaintiff's claims. ECF No. 13. Defendant argues the ALJ properly found Plaintiff's impairments did not meet the requirements of Listings 12.04, 12.06, and

5

12.08; the ALJ properly considered the findings of Plaintiff's treating physicians and psychiatrists; the ALJ properly assessed Plaintiff's RFC; the ALJ properly considered Plaintiff's GAF scores; and the ALJ properly considered the VE's testimony. *Id.* The Court will address each of the arguments Plaintiff has raised.

      **A.**      **Listings 12.04, 12.06, and 12.08**

Plaintiff claims the ALJ erred in finding she did not qualify as disabled under Listings 12.04, 12.06, and 12.08. ECF No. 12 at 5-7. In support of her argument, Plaintiff primarily relies upon the findings of Dr. Shahdad Allawala, M.D., who completed a medical source statement on March 8, 2010. (Tr. 828-837). There are, however, at least two problems with Dr. Allawala's findings.

First, and most importantly, the Court has previously addressed–and discounted for several compelling reasons–these *very findings* in a prior opinion. *See McAllister v. SSA,* 4:11-cv-04078 (W.D. Ark. July 10, 2012). Indeed, as the Court noted in that opinion, these findings are merely "checklist" in nature and are not sufficient to establish Plaintiff's impairments are of listing-level severity. *Id.* at 6-7. Second, these records are from March of 2010, which is seven months before Plaintiff filed her current SSI application. (Tr. 12). Thus, they are not even from the relevant time-period. *See Cruse v. Bowen,* 867 F.2d 1183, 1185 (8th Cir. 1989) (holding "SSI benefits are not payable for a period prior to the application").

Further, the other medical records Plaintiff references in support of her claim that her impairments meet Listings 12.04, 12.06, and 12.08 are either not from the relevant time period (*e.g.,* Tr. 730, 756, 758, 761, 771, 772, 781-785, 804, 815, 839) or they do not demonstrate her impairments meet the requirements of any of these Listings (*e.g.,* Tr. 268 - finding Plaintiff only "moderately impaired"). Thus, the ALJ did not err in finding Plaintiff's impairments do not meet

the requirements of Listings 12.04, 12.06, and 12.08.

      **B.**      **RFC Determination[3]**

Plaintiff claims the ALJ improperly assessed her physical and mental RFC. ECF No. 12 at 3-5. As for her physical RFC, Plaintiff claims in her briefing that she "cannot perform work that requires her to lift 25 pounds frequently and 50 pounds occasionally." *Id.* at 3. In support of her argument, Plaintiff references medical records which she claims "are totally contradictory to the Administrative Law Judge's findings." *Id.* at 4.

Upon review, however, the only "records" Plaintiff references in her appeal brief are from one appointment at UAMS on March 14, 2012. (Tr. 943-945). Further, in this one record, Plaintiff's physician merely restates her allegations of pain: "The intensity *is described* as moderate to severe" and "*Complains of* shortness of breath at night. . . ." (Tr. 943, 945) (emphasis added). This single record, which primarily reflects Plaintiff's subjective allegations, is not "totally contradictory to the Administrative Law Judge's findings" and does not demonstrate Plaintiff "cannot perform work that requires her to lift 25 pounds frequently and 50 pounds occasionally" as Plaintiff claims. Thus, based upon the information Plaintiff has submitted, the Court cannot find the ALJ erred in assessing Plaintiff's RFC.

As a final point, Plaintiff claims the ALJ erred by failing to consider her "lack of funds." ECF No. 12 at 4. Plaintiff cited two medical records in support of this claim. (Tr. 897, 924). Both records reference free or low-cost treatment options in the area. Neither record, however,

---

[3] Under this argument header, Plaintiff also claims the ALJ erred by failing to follow *Polaski*. ECF No. 12 at 17. Plaintiff, however, provides no argument demonstrating *how* the ALJ failed to follow *Polaski*. Thus, because Plaintiff provided no briefing on this issue, the Court will not address this issue further.

demonstrates Plaintiff *actually sought* free or low-cost treatment or had been denied medical care as a result of her inability to pay. Thus, Plaintiff's failure to seek appropriate treatment is not excused based upon her alleged inability to afford that treatment. *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (holding the ALJ appropriately discounted the claimant's argument that he could not afford medical care absent evidence he sought and was denied low-cost or free medical care).

### C.   Low GAF Scores

Plaintiff claims the ALJ erred by failing to consider her low Global Assessment of Functioning or "GAF" scores. ECF No. 12 at 18. Specifically, Plaintiff claims on "several occasions" she obtained GAF scores of 45 and 50. *Id.* at 18-19. The Court has examined these records. For three reasons, the Court finds the ALJ did not err in his evaluation of them.

First, for some these scores, it is unclear who assigned her those low GAF scores. (Tr. 230, 244, 743). Indeed, only licensed physicians and licensed or certified psychologists qualify as "acceptable medical sources." *See* 20 C.F.R. § 416.913(a) (2013). Thus, based upon these records, it is unclear if these scores came from "acceptable medical sources."

Second, these scores were provided seemingly with no supporting documentation or no support for the reason a certain score was assigned. (Tr. 230, 244, 743). Third, and most importantly, *none* of the GAF scores Plaintiff has referenced are from the relevant time period. Instead, these scores relate to the period *before* Plaintiff's application was filed: (1) August of 2009 (Tr. 230); (2) June of 2010 (Tr. 247); and (3) December of 2009 (Tr. 743). Thus, the Court finds the ALJ did not err in considering these GAF scores.

### D.   VE's Testimony

Plaintiff claims the ALJ erred by failing to include all of her limitations when he presented

his hypothetical to the VE. ECF No. 12 at 19-20. The VE, however, is only required to include those limitations he finds are credible. *See Husley v. Astrue,* 622 F.3d 917, 922 (8th Cir. 2010) (holding a "vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments"). Here, Plaintiff has not established that any additional limitations should have been included as a part of his hypothetical to the VE. ECF No. 12. Thus, the Court finds no basis for reversal on that issue.[4]

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of October 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] Under this argument header, Plaintiff also argues the ALJ failed to inform the VE that she only had a sixth grade education. ECF No. 12 at 9. This is simply untrue. At the administrative hearing in this matter, Plaintiff testified (with the VE present) that she had a sixth grade education. (Tr. 34). Then, the ALJ asked the VE to assume a hypothetical person had the same education as Plaintiff (which the VE knew to be a sixth grade education). (Tr. 56). Thus, the VE did properly consider Plaintiff's education as a part of the hypothetical.